[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CITE IN ADDITIONAL DEFENDANT (#106), AND MEMORANDUM OF DECISION ON OBJECTION TO DEFENDANT'S MOTION TO CITE IN (#110)
The plaintiff James Freitas brings this action through his father and next friend Joseph Freitas seeking to recover for injuries allegedly occurred on July 12, 1989 when the vehicle in which plaintiff was riding as a passenger was struck by a vehicle owned by the defendant Christine Ravizza and operated by the defendant Kevin Ravizza.
On April 5, 1991 defendant filed a motion to cite in an additional defendant together with a copy of a proposed writ, summons and complaint. Defendant seeks to have Timothy Welch, the operator of the vehicle in which plaintiff was riding at the time of the collision cited in as a party defendant pursuant to Connecticut General Statutes Sections52-102 and 52-572h, as well as Connecticut Practice Book Section 85. The proposed writ, summons and complaint submitted by defendants are not the allegations of the defendants CT Page 8193 claiming that the additional defendant is liable to defendant, but rather does plaintiff the "favor" of alleging negligence against the driver of the car in which plaintiff was a passenger. Not surprisingly, plaintiff objects to the motion, and alleges in his objection that the party sought to be added as a defendant is a "settled or released person" within the meaning of the provisions of Connecticut General Statutes Section 52-572. At oral argument, both parties agreed that this was the case, and so the court can assume that fact as true for purpose of this memorandum. Plaintiff takes the position that he should not be compelled to make allegations against Timothy Welch as plaintiff has already released him from all claims against plaintiff. Plaintiff's claim that defendant must implead Mr. Welch as a third party defendant to get him before the trier of facts for an allocation of comparative responsibility as required by "Tort Reform".
Connecticut General Statutes Section 52-102 provides, in pertinent part, that "upon motion made by any party. . . to a civil action. . . the person named in the party's motion. . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein". Connecticut General Statutes Section 52-572h(c) provides for proportional allocation of responsibility among tort feasors, but Connecticut General Statutes Section52-572h(n) provides that a release does operate as a discharge of the released person but that the total amount of damages will be reduced by the amount of the released person's percentage of negligence, as determined by an allocation of comparative responsibility as set forth in Connecticut General Statutes Section 52-572h(f).
While the amendments to Connecticut General Statutes Section 52-572h which constituted "Tort Reform II" changed the previous language of "Tort Reform I" from persons to parties throughout its scope, the only exception to that rule is in Connecticut General Statutes Section 52-572h(f), where the language "including settled or released persons" was retained. (Emphasis supplied)
Each party is correct that the trier of fact must be asked to ascertain the proportion of comparative responsibility, if any, on the part of Mr. Welch. Our statutes providing for impleading of a third party defendant by a defendant is inapposite, because by no stretch of the imagination is Mr. Welch liable to the defendant on any theory of law cognizable in this case. Similarly the court sees no reason why the plaintiff should be forced to violate the terms of a release by suing a person already released by him. It is certainly the public policy of the state that settlements are CT Page 8194 to be encouraged and granting the motion of the defendant would fly in the face of this public policy. When the legislature passed its Tort Reform legislation, it left a number of portions of that legislation less than clear. Indeed, as Justice Shea has said in describing the legislative history of Connecticut General Statutes Section 52-557n, "the sparks flung from the legislative forge fail to illuminate the statute's meaning." Sanzone v. Board of Police Commissioners, 219 Conn. 179,189 (1991).
While in cases of this type the court is searching for a method to permit persons to be brought before the trier of fact as parties, that action is not necessary in this case. The court holds that the provisions of Connecticut General Statutes Section 52-572h(f)'s use of the word "persons" indicate that the plain meaning of the statute does not require Mr. Welch to be made a party to have the jury (or other trier of fact) determine Mr. Welch's comparative responsibility. The court intends for this memorandum to be the law of this case, so that the trial judge will instruct the jury to allocate on the verdict form a percent of comparative responsibility for Timothy Welch, even though Timothy Welch is not a party to this case.
Consistent with the foregoing, the objection to the Motion to Cite in a Party Defendant is sustained, albeit on grounds other than that set forth in the motion. The Motion to Cite in is denied.
KOLETSKY, J.